

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00244-CR

Isaiah **MATA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR8191
Honorable Raymond Angelini, Judge Presiding

Opinion by:   Marialyn Barnard, Justice

Sitting:      Marialyn Barnard, Justice
              Patricia O. Alvarez, Justice
              Jason Pulliam, Justice

Delivered and Filed:  July 1, 2015

MOTION TO WITHDRAW GRANTED; AFFIRMED

Appellant Isaiah Mata was indicted for the offense of aggravated robbery.  Pursuant to a plea bargain agreement, he pled nolo contendere and was sentenced to seven years' confinement and assessed a $2,000.00 fine.  Mata then perfected this appeal.

Mata's court-appointed appellate attorney filed a motion to withdraw and a brief in which she raises no arguable points of error and concludes this appeal is without merit.  The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).  Counsel

provided proof Mata was given a copy of the brief, the motion to withdraw, the appellate record, and was informed of his right to file his own brief. Mata filed a brief on his own behalf in which he alleges: (1) the trial court erred in denying his motion to quash the indictment, violating his due process rights under the state and federal constitutions; (2) the trial court erred in denying portions of his motion in limine; and (3) he received ineffective assistance of counsel.

When an *Anders* brief and a subsequent pro se brief are filed, we must review the entire record and determine (1) the appeal is without merit and issue an opinion explaining there is no reversible error, or (2) there are arguable grounds for appeal and issue an opinion remanding the cause to the trial court for appointment of new appellate counsel. *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009) (citing *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (holding court of appeal may address merits of issues raised by pro se only after any arguable grounds have been briefed by new appointed counsel)).

We have carefully reviewed the record, counsel's brief, and Mata's brief and find no reversible error and agree with counsel the appeal is without merit. *See id.* We therefore grant the motion to withdraw filed by Mata's appointed counsel and affirm the trial court's judgment. *See id.*; *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

No substitute counsel will be appointed. Should Mata wish to seek further review of this case in the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days after either the day our judgment is rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for

discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

Marialyn Barnard, Justice

Do Not Publish